IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3065 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LORENZO ROBLEDO, JR. and | ) | |
| JOEY E. HULL, | ) | |
| | ) | |
| Defendants. | ) | |

Each defendant has filed a motion to suppress. At the conclusion of the evidentiary hearing on the motions to suppress, Magistrate Judge Piester stated on the record his recommendation that the motions to suppress be denied. (Filing 39.) The transcript of the evidentiary hearing has now been filed (filing 40) and each defendant has filed an objection to the recommendations (filings 41 and 44), pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3.

After a de novo review of Judge Piester's recommendations pursuant to 28 U.S.C. § 636(b)(1) and NECrimR 57.3, I conclude that the recommendation should be adopted, the defendants' objections to the recommendations should be denied, and the motions to suppress should be denied, for the reasons articulated by Judge Piester (Tr. 116-20.) I will briefly explain.

NSP Trooper Roby stopped a Ford Explorer traveling eastbound on Interstate 80 in Hall County, Nebraska. Lorenzo Robledo, Jr. (Robledo) was driving the Explorer, and Joey E. Hull (Hull) was sitting in the front passenger seat at the time of the stop. (Tr. 10-11.) Trooper Roby stopped the Explorer for failing to properly signal a return to the right lane after passing another vehicle. The two right wheels of the Explorer crossed the centerline before the right turn signal was engaged to signal the movement back into the right lane from the passing lane. Trooper Roby

believed that lane changes must be preceded by a signal operating for at least 100 feet and that a traffic violation had occurred.  (Tr. 6-8.)

The Eighth Circuit "has repeatedly held that 'any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver.'" United States v. Mallari, 334 F.3d 765, 766 (8th Cir. 2001) (quoting United States v. Jones, 275 F.3d 673, 680 (8th Cir. 2001)).  Even if there is no actual traffic violation, an officer's objectively reasonable belief that a traffic violation has occurred creates probable cause to stop the vehicle.  Id. at 766-67; United States v. Sanders, 196 F.3d 910, 913 (8th Cir. 1999) (officer's objectively reasonable, albeit mistaken, belief that traffic violation occurred provided probable cause for traffic stop).

Defendants assert that Trooper Roby's belief that a traffic violation had occurred was unreasonable.  They assert that the only relevant statute is Neb. Rev. Stat. Ann. § 60-6,133 (LexisNexis 2002), which provides only that after a driver has signaled an intention to pass and has passed to the left of a vehicle "at a safe distance", the passing driver "shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle . . . ."  Defendants' argument ignores the existence of another statute governing signaling, which provides in pertinent part as follows:

> (1) No person shall . . . move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in sections 60-6,162 and 60-163 [describing when hand signals are permitted in lieu of signal lights and manner of giving hand signals].

> (2) A signal of intention to . . . move right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.

Neb. Rev. Stat. Ann. § 60-6,161 (LexisNexis 2002).  Whether or not Nebraska rules of the road require a signal at least 100 feet before a vehicle leaves the left, passing

lane and returns to the right lane, it was reasonable for Trooper Roby to believe that an advance right signal is required.  See, e.g., Sanders, 196 F.3d at 913 (declining to "parse" state statues and observing that "this Court should not expect state highway patrolmen to interpret the traffic laws with the subtlety and expertise of a criminal defense attorney.")  There was probable cause for the traffic stop of the Explorer.

Hull[1] asserts that Trooper Roby did not have reasonable articulable suspicion to expand the traffic stop.  He did, for the reasons stated by Judge Piester.  (Tr. 118-20).[2]

IT IS ORDERED:

1.    The Magistrate Judge's recommendation (Filing 39) is adopted;

2.    The objections to the recommendation filed by defendants Hull and Robledo (filings 41 and 44) are denied; and

3.    The motions to suppress filed by defendants Hull and Robledo (filings 23 and 26) are denied;

September 13, 2005.                           BY THE COURT:

                                             s/Richard G. Kopf
                                             United States District Judge

---

[1]Robledo's only objection to the recommendation was to the finding that Roby was reasonable in his belief that a traffic violation had occurred.  (Filing 45.)

[2]In light of this finding, I need not reach Hull's third assertion–that the questioning continued without Miranda warnings after completion of the purpose of the initial traffic stop.